IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-2440-P (BF) |
| | § | |
| ALICE A. BONNER, ET AL., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

In this *pro se* civil action, Defendant State Farm Lloyds, incorrectly named as State Farm Insurance Company, has filed a motion to quash four document subpoenas served by Plaintiff Bruce Copeland. As grounds for its motion, Defendant contends that the subpoenas are invalid because they were served by certified mail on an entity that does not exist. Defendant further contends that the subpoenas are premature because they were served contemporaneously with the summons and complaint.

The Court agrees that Plaintiff's discovery requests are premature. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1); *see also* FED. R. CIV. P. 33(a), 34(b), 36(a) (absent leave of court or written stipulation, these forms of discovery "may not be served before the time specified in Rule 26(d)"). Here, Plaintiff served Defendant with the summons in this lawsuit on the same date he served the subpoenas. *See* Def. Mot. App. 3-84. Because this action is not exempt under Rule 26 and the Court

has not issued an expedited discovery order, it is premature for Plaintiff to seek discovery from Defendant in advance of the required Rule 26(f) conference.

Additionally, the Court observes that a subpoena is generally not the proper mechanism for seeking discovery from a party to the litigation. *See, e.g. Hernandez v. City of Corpus Christi*, No. Civ. A. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. Jun. 6, 2011) (citing cases). Requests for documents from an opposing party are normally made pursuant to a request for production under Federal Rule of Civil Procedure 34.

Accordingly, Defendant's Motion to Quash Plaintiff's Subpoenas (Doc. 48) is GRANTED.

SO ORDERED, September 5, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE